UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------- x
MOHAMMED BARRIE,

          Plaintiff,

   -against-

UNITED STATES OF AMERICA,

          Defendant.
------------------------------------------------- x

MEMORANDUM & ORDER

16 Civ. 1769 (ENV) (LB)

VITALIANO, D.J.

    Plaintiff Mohammed Barrie, proceeding *pro se*, filed this action seeking review of a final decision of the United States Department of Agriculture ("USDA"), disqualifying his store MB Halal Meat, Inc. ("MB Halal") from participating in the Supplemental Nutrition Assistance Program ("SNAP"). Compl., ECF No. 1. Plaintiff paid the filing fee to initiate the action. Presently before the Court is his request that USDA be restrained and enjoined, pending a hearing, from barring his participation in SNAP. Unsigned Order to Show Cause, ECF No. 3 at 1. For the reasons that follow, Barrie's request for injunctive relief is denied.

## Background

    Barrie owns MB Halal, a grocery store located in Brooklyn. Compl. at 13. MB Halal was authorized to participate in SNAP, a federal benefits program that allows qualified households to purchase food at participating retail grocery stores. *Id.* at 14. USDA charged MB Halal with trafficking in SNAP benefits,[1] based on a series of irregular transactions occurring between June 2014 and November 2014. *Id.* MB Halal, through counsel, contested the

---

[1] Trafficking is defined as, *inter alia*, "[t]he buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits . . . for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." 7 C.F.R. § 271.2.

1

allegations, but was permanently disqualified from SNAP. *Id.* at 16; *see id.* at 7-12. The store appealed this disqualification. *Id.* Following review, USDA issued a final agency decision, dated March 17, 2016, upholding the permanent disqualification of MB Halal. *Id.* at 14-33.

## Analysis of the Law

SNAP provides that an "approved retail food store" may be permanently disqualified from participation in SNAP "on the first occasion" that it is found to have trafficked in SNAP benefits. 7 U.S.C. §§ 2021(a), (b)(3)(B). "If [a retail food] store ... feels aggrieved by [a final determination following administrative appeal], it may obtain judicial review thereof...." 7 U.S.C. § 2023(a)(13). USDA's decision "shall be and remain in full force and effect" pending judicial review, "unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal." 7 U.S.C. § 2023(a)(17).[2]

## Discussion

As a preliminary matter, although Barrie is the sole named plaintiff in this action, his complaint relates to the disqualification of his incorporated grocery store. Compl. at 5. It is well-settled that a *pro se* individual may not appear on behalf of a corporation. *See Sewell v. 1199 Nat. Ben. Fund for Health Human Servs.*, 303 F. App'x 902, 903 n.1 (2d Cir. 2008) ("[A] layman may not represent a separate legal entity."); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001). Furthermore, the statutes and regulations on which Barrie relies, *see* Compl. at 4, permit the "store" to seek judicial review of its disqualification, 7 U.S.C. §

---

[2] *See Morgan v. Ragan*, 46 F. Supp. 3d 52, 59 (D.D.C. 2014) (collecting cases in which district courts have concluded that 7 U.S.C. § 2023(a)(17) does not require an oral hearing and that the motion may be determined on the papers).

2023(a)(13); *see* 7 C.F.R. § 279.7(a), without defining the store to include its owner or owners, nor does it permit them to bypass the usual requirement that parties "conduct their own cases." 28 U.S.C. § 1654. *See Guzman v. U.S. Dep't of Agric. Food & Nutrition Serv.*, 931 F. Supp. 2d 488, 490 n.1 (S.D.N.Y. 2013) (while dismissing on other grounds, observing that *pro se* owners would not be permitted to represent a disqualified and incorporated SNAP retailer). Therefore, if Barrie wishes to litigate the claims of his store in this action, he must have counsel appear on behalf of and substitute MB Halal as party plaintiff within 30 days of the entry of this order on the docket.

Barrie also alleges that he was personally disqualified from participating in SNAP. Compl. at 5. However, a simple reading of the USDA decision attached to the complaint clearly establishes that it disqualifies only MB Halal from participating in SNAP. Compl. at 14.[3] Thus, there is no basis for the injunctive relief he requests on his own behalf.

## Conclusion

For the foregoing reasons, plaintiff's request for a temporary restraining order and preliminary injunction is denied, but without prejudice to the substitution of MB Halal as party plaintiff and MB Halal making its own application for such relief. If the substitution of party is not completed by counsel within the time allowed, the action will be dismissed with prejudice.

Thus, if plaintiff wishes to assert any claims on behalf of MB Halal in this action, he must have counsel appear for MB Halal within 30 days of the entry of this order on the docket.

---

[3] In cases where the owners "personally trafficked in food stamps," USDA may disregard corporate form and disqualify them along with their stores. *Abdelaziz v. United States, Through Department of Agriculture*, 837 F.2d 95, 97-98 (2d Cir. 1988). In this case, USDA's determination did not accuse Barrie of personally trafficking in food stamps, much less disqualify him personally from SNAP participation.

3

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So Ordered.

Dated: Brooklyn, New York
     May 5, 2016

/s/ USDJ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge